**BINGHAM McCUTCHEN LLP**
One Federal Street
Boston, Massachusetts 02110
Andrew C. Phelan
Evan J. Benanti
Telephone: (617) 951-8000
*Attorneys for State Street Bank and Trust Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| GAIA HOUSE MEZZ LLC, | x |
| Plaintiff, | |
| - against - | Case No.: 1:11-cv-03186-TPG |
| STATE STREET BANK AND TRUST COMPANY, | Hon. Thomas P. Griesa |
| Defendant. | |
| | x |
| STATE STREET BANK AND TRUST COMPANY, | |
| Plaintiff in Counterclaim, | |
| - against - | |
| GAIA HOUSE MEZZ LLC, YOUNG WOO, MARGARETTE LEE and GLAUCO LOLLI-GHETTI | |
| Counterclaim Defendants. | |
| | x |

**STATE STREET BANK AND TRUST COMPANY'S STATEMENT OF
THE ELEMENTS OF CLAIMS AND DEFENSES AND SUMMARY OF FACTS**

A/74615616.5

I.  **STATE STREET'S AFFIRMATIVE CLAIMS**

   A.  **First Cause of Action:  Declaratory Judgment Against Gaia**

   1.  **Elements**

A court may declare the rights of a party in a case of actual controversy.  An actual controversy exists in a declaratory judgment action where (i) a party's conduct created a real and reasonable apprehension of liability on the part of the other party, and (ii) the parties' actions have culminated in adversarial conflict.  Where an actual controversy exists, declaratory judgment can clarify or resolve the legal dispute.

   2.  **Summary of Facts**

State Street seeks a declaratory judgment that Gaia is liable under the contract and the facts (i) for Accrued Interest, and (ii) for all Professional Fees, Enforcement Costs, Losses, including attorneys' fees, and interest that State Street has incurred and will incur in connection with Gaia's contesting its liabilities under the Loan Documents.  An actual controversy exists as to these matters.

   a.  **Gaia is Liable for Accrued Interest**

State Street asserted its contract right to Accrued Interest both before and in this litigation.  Gaia's sole count contesting liability claims State Street is "equitably estopped from relying on the alleged defaults to renege on its agreement to waive the Accrued Interest." Amended Complaint Doc. 36 ("AC") ¶79.  Gaia seeks the return of Accrued Interest.  Denial of that relief or the declaratory judgment requested by State Street would resolve this dispute.  State Street is entitled to Accrued Interest based on Gaia's Events of Default and the language of the Loan Documents all as more specifically set forth in <u>State Street's Pretrial Memorandum at pages 2 through 13</u>, which are incorporated herein by reference.

   b.  **Gaia Is Liable For State Street's Professional Fees**

Gaia is liable to State Street for Professional Fees as additional Debt under the Loan

Documents, including interest. State Street sent Gaia letters demanding payment under the Loan Documents, which Gaia has ignored, indicating that it does not intend to pay. A declaratory judgment will resolve this dispute. State Street's right to recover its Professional Fees as Debt is based on the facts and terms of the Loan Agreement and other Loan Documents all as more specifically set forth in State Street's Pretrial Memorandum at pages 14 through 20, which are incorporated herein by reference.

### B. Second Cause of Action: Enforcement Of and Recovery Under the Guaranty Against the Guarantors

#### 1. Elements

To recover under a guaranty, a party must establish: (1) an absolute and unconditional guaranty, (2) the underlying debt, and (3) the guarantor's failure to satisfy the unpaid debt.

#### 2. Summary of Facts

The Guaranty of Recourse Obligations ("Recourse Guaranty") is absolute and unconditional. *See* Recourse Guaranty at §1.1 ("Each Guarantor… hereby absolutely, unconditionally and irrevocably guarantees the full and prompt payment and performance of all of the Guaranteed Obligations…"). The underlying debt is proven by Gaia's contractual liability for State Street's Professional Fees, as discussed *supra* at I(A)(2)(b). Further, the terms of the Guaranty itself make the Guarantors liable for State Street's Enforcement Costs following a Partial Recourse Event. The Guarantors' liability comes from the clear language of the Recourse Guaranty and other Loan Documents, including the Loan Agreement, all as more specifically set forth in State Street's Pretrial Memorandum at pages 14 through 20, which are incorporated herein by reference.

## II. STATE STREET'S AFFIRMATIVE DEFENSES

### A. First Affirmative Defense: Failure to State a Claim Upon Which Relief May be Granted

#### 1. Elements

Dismissal of a complaint for failure to state a claim upon which relief may be granted is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief.

#### 2. Summary of Facts

Gaia's equitable estoppel and NY Lien Law claims fail to state claims upon which relief may be granted.

##### a. Equitable Estoppel

Gaia fails to state a claim for equitable estoppel because clear contract terms refute its claim and it otherwise fails to meet any of the elements of that claim, all as more specifically set forth in State Street's Pretrial Memorandum at pages 2 through 13, which are incorporated herein by reference.

##### b. Lien Law

Gaia fails to state a claim under the Lien Law because it has no statutory or contractual right to the funds at issue, all as more specifically set forth in State Street's Pretrial Memorandum at pages 20 through 27, which are incorporated herein by reference.

### B. Second Affirmative Defense: Plaintiff's Claims Are Barred Because Plaintiff Suffered No Injury or Damages by Reason of Any Act or Omission on the Part of State Street

#### 1. Elements

To prove its equitable estoppel claim, Gaia must show, among other things, that it relied on a misrepresentation or concealment to change its position to Gaia's substantial detriment.

#### 2. Summary of Facts

Gaia has suffered no injury or damages related to its claim for equitable estoppel. Gaia's

alleged damages are limited to the Accrued Interest that it had a clear contractual obligation to pay. To the extent that it can be construed as a claim for "damages", Gaia's assertion that it was induced to stay on the project and perform its obligations under the Loan Agreement fails on the facts and for the reasons stated in State Street's Pretrial Memorandum at pages 10 through 11, which are incorporated here by reference.

### C. Third Affirmative Defense: Plaintiff's Claims Are Barred by the Doctrines of Estoppel and Unclean Hands

#### 1. Elements

##### a. Estoppel

To equitably estop a party, one must demonstrate that the party (1) made a false representation or concealed material facts, (2) intended that such conduct would be acted upon, (3) had knowledge of the true facts, and (4) that one relied on the misrepresentation or concealment to change its position to its substantial detriment.

##### b. Unclean Hands

One who comes to court seeking equity must come with clean hands. A party has unclean hands when it has committed an unconscionable act directly related to the subject matter in litigation and has injured the other party.

#### 2. Summary of Facts

To the extent Gaia seeks equitable relief in connection with its Lien Law claim, such relief is barred by the doctrines of equitable estoppel and unclean hands. Gaia has $7.76 million in NY Lien Law trust funds that Gaia admitted in formal public filings. Gaia concealed these facts and documents from State Street and, in particular, from this Court when Gaia was trying to get this Court to order funds released from State Street's Project Fund Account. In its formal public filings, including Deeds filed with the New York Register, Gaia admitted that it possessed those Trust Funds and that Gaia was required by the Lien Law to use those Trust Funds to pay contractors for work on the project. In court on September 9, Gaia gave the impression that it was in dire straits and desperate for funds to pay contractors to prevent them from liening the

property. All this was an illusion created by Gaia's failure to disclose that it had $7.76 million in trust assets that were designated for this very purpose. There is no urgency at all because: (i) there is no lien or, as far as State Street is aware, even a threatened lien; and (ii) even if there was, Gaia could easily pay it with its $7.76 million in trust assets.

The only "urgency" was Gaia's effort to deplete the PFA before anyone learned that Gaia held such substantial trust assets. Gaia concealed those in order to further its effort to empty the PFA and render meaningless State Street's bargained-for security interest in that account. By doing so, Gaia apparently intends to make it far more difficult and expensive for State Street to pursue Gaia and the Guarantors and collect the Debt they owe. Indeed, by draining the PFA and selling the condos to affiliate entities, Gaia apparently seeks to prevent State Street from reaching any assets to enforce its contract rights. Gaia cannot deprive State Street of its negotiated contract rights by such concealment and manipulation of the Lien Law. Further, Gaia's concealment harmed State Street by inducing it to release $213,000 in PFA funds in which State Street had a contractual security interest.

### D. Fifth Affirmative Defense: There is No Legal Basis for Plaintiff's Requested Relief for Attorney's Fees

#### 1. Elements

Attorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the losing party unless an award is authorized by agreement between the parties or by statute or court rule.

#### 2. Summary of Facts

Gaia has alleged no contractual, statutory, or other basis that would allow it to recover attorneys' fees from State Street. The Loan Agreement provides that State Street may recover Professional Fees from Gaia and the Guarantors, all as more specifically set forth in <u>State Street's Pretrial Memorandum at pages 14 through 20</u>, which are incorporated herein by reference, but it does not allow Gaia to recover fees from State Street.

5

Dated: December 5, 2011

**STATE STREET BANK AND TRUST COMPANY**

*By its attorneys*

_____
Andrew C. Phelan (*admitted pro hac vice*)
Evan J. Benanti (EB1202)
BINGHAM McCUTCHEN LLP
One Federal Street
Boston, Massachusetts 02110
Telephone: (617) 951-8000
Fax: (617) 951-8736