UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GAIA HOUSE MEZZ LLC,

                Plaintiff,

           v.

STATE STREET BANK & TRUST CO,

                Defendant.

11-cv-3186

**OPINION**

Following a trial in the district court and an appeal to the Second Circuit, the Second Circuit remanded this case with instructions to calculate and award fees and costs to State Street Bank and Trust Company. State Street now moves for the award. It requests about $1.1 million plus interest.

Attorney Peter Ripin moves on behalf of Davidoff Hutcher & Citron LLP to be relieved as counsel for plaintiffs. This motion is granted.

**Background**

This case arose out of a dispute over monies owed under a loan agreement for construction of a residential building in Manhattan. After a bench trial, this court entered judgment in favor of Gaia House. On June 12, 2013, the Second Circuit reversed this court's decision and directed the district court to enter judgment in favor of State Street on all counts. Gaia House Mezz LLC v. State St. Bank & Trust Co., 720 F.3d 84 (2d Cir. 2013). In addition, the Second Circuit confirmed State Street's contractual right to professional fees throughout the litigation. Id. at 95. The Second Circuit held that both Gaia House Mezz LLC and its guarantors—Young Woo, Margarette Lee, and Glauco Lolli-Ghetti—are liable for State Street's professional fees as

1

defined in the contract.  See id.; Gaia House Mezz LLC v. State St. Bank & Trust Co., No. 12-2481-cv (2d. Cir. Aug. 13, 2013).  The contract defines "professional fees" to include all reasonable attorneys' fees, consultant fees, and costs incurred in litigation.

## Discussion

When a contract directs payment of legal fees, "the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable."  F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1263 (2d Cir. 1987).  A request for legal fees is presumptively reasonable where the fees sought are "the product of a reasonable hourly rate and the reasonable number of hours required by the case."  Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).  Under New York law, in determining what is reasonable compensation for an attorney, the court may consider a number of factors including the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained.  Miller Realty Associates v. Amendola, 859 N.Y.S.2d 258 (N.Y. App. Div. 2008).  The court may rely on "its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties."  Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992).  In resolving a motion for fees and costs, the court is not required to "set forth item-by-item findings concerning what may be countless objections to individual billing items."  Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994).

State Street requests about $1.1 million in fees and costs, plus interest.  Apart from the few exceptions noted below, the court finds State Street's fees and costs reasonable based on the court's familiarity with the litigation and the documentation submitted by the parties.  State

Street won a complete victory, a factor that weighs in favor of a finding of reasonableness. Although this case was a straightforward case of contract interpretation, State Street argued and defended numerous motions, prepared for trial on an expedited basis, tried the case, and litigated the case in the Second Circuit after trial.  The information provided by State Street demonstrates that State Street's counsel appropriately staffed this matter, made efficient use of attorney time, and did not duplicate efforts or overbill.  State Street has provided appropriately detailed contemporaneous records of the work performed.  The number of hours billed is reasonable given the nature this litigation, and the division of labor among the attorneys was similarly appropriate.  The hourly rates billed by each attorney were reasonable.

The court shares some of Gaia House's concerns and will reduce the fees and costs awarded as follows.  First, the court agrees with Gaia House that $2,839.16 is an unreasonable cost for three nights in a Manhattan hotel for Attorney Evan Benanti.  Accordingly, the court will reduce the award for that bill to a reasonable rate of $275 per night.  See J.S. Nicol, Inc. v. Peking Handicraft, Inc., No. 03-cv-1548, 2008 WL 4613752, at *14–15 (S.D.N.Y. Oct. 17, 2008). Second, the court is concerned that staffing changes by State Street's counsel resulted in unreasonable charges as new attorneys were briefed on the case.  Accordingly, the court will not award fees for the billing entries on May 22, 2012, where Attorney Andrew Phelan briefed Attorney Dina Kaufman on the case.  Third, although the court has discretion to reduce the fees awarded for all the attorneys' time spent traveling, see Jennette v. City of New York, 800 F. Supp. 1165, 1170 (S.D.N.Y. 1992), the court declines to do so in this case because most of time entries for travel show that the attorneys performed substantive work while traveling.  Except for these reductions, the court awards State Street its requested fees and costs.

Under the agreements, Gaia House and the guarantors are also liable for 17% interest on these fees and costs from the time State Street made the payments. The guarantors' assertion that they do not owe interest is directly contradicted by the Guaranty, which explicitly states that the guarantors will pay the Default Rate of interest, which the agreements define as 17%. All fees and costs are subject to 17% interest.

Gaia House's attempts to attack State Street's request are without merit, but two warrant discussion. First, Gaia House presents research by a litigation-fee expert who purports to establish benchmarks for the costs of litigation. For example, the expert asserts that, of the total hours billed by a law firm, only 41% of that time should be billed by partners; the rest, by associates. These benchmarks are supposedly derived from analyzing law-firm bills across many cases. Based on these benchmarks, Gaia House argues that State Street's legal costs are excessive. Gaia House's expert's benchmarks are similar to the factors the court considers in determining if the fees requested are reasonable. See, e.g., Miller Realty Associates, 859 N.Y.S.2d 258. But the court declines to replace its own inquiry into the specific costs of this litigation with an expert's generalizations. This court retains discretion to determine the reasonableness of the fees, apart from any expert's proposed cost benchmarks.

Second, Gaia House argues that the guarantors are only liable for the attorneys' fees arising from contesting the validity and enforceability of the loan documents. Accordingly, Gaia House argues that the guarantors are not liable for the costs of certain aspects of the litigation. The Second Circuit, however, explicitly foreclosed this line of reasoning by holding that the guarantors are liable for "the Professional Fees incurred by State Street in this litigation." The Second Circuit's opinion and order instructed this court to award fees and costs for the entire litigation. Moreover, the Loan Agreement and the Guaranty also require the guarantors to pay

for professional fees, including reasonable costs and expenses—not just attorneys' fees. Each of the disputed pieces of the litigation are "arising from" the contest over the validity of the Loan Agreement. Gaia House and the guarantors are jointly and severally liable for State Street's fees and costs.

## Conclusion

State Street's motion for fees and costs is granted. The court awards fees and costs in the amount of $1,077,126.12. The court awards interest in the amount of $256,817.20, through December 31, 2013. On December 10, 2013, Gaia House paid State Street $462,177.97 from an escrow account, so State Street's award is reduced by that amount. But State Street is also owed additional interest of $90,950.72 from January 1, 2014, to the present. Thus, the remaining balance owed to State Street is $962,716.07.

Attorney Peter Ripin's motion, on behalf of Davidoff Hutcher & Citron LLP, to be relieved as counsel for plaintiffs is granted because there are no pending matters in this case and plaintiffs will not be prejudiced.

This opinion resolves the motions listed as document numbers 105 and 118 in this case.

So ordered.

Dated: New York, New York
August 13, 2014

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/14

5